IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
TENROCK CAPITAL LLC, etc.,        )
                                  )
                                  )
              Plaintiff,          )
                                  )
     v.                           )     No. 09 C 4180
                                  )
PEDERSEN & HOUPT,                 )
                                  )
              Defendant.          )
```

## MEMORANDUM ORDER

TenRock Capital LLC, as servicing agent and on behalf of TenRock Capital Fund, LP ("TenRock"), has just sued Illinois professional corporation Pedersen & Houpt, invoking federal jurisdiction on diversity of citizenship grounds. Because that effort is impermissibly flawed in that the servicing agent has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte memorandum order dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that the present flaw can very likely be cured and the action can then be reinstated.

Complaint ¶2 properly identifies the twofold jurisdictional facts as to Pedersen & Houpt (see 28 U.S.C. §1332(c)(1)). But as to TenRock, Complaint ¶1 speaks only of the jurisdictionally irrelevant factors of its state of formation and the location of its principal place of business, while Complaint ¶15 identifies its general partner as a limited liability company (again specifying only its state of formation and the location of its

principal place of business) and identifies an individual as its "Co-Managing Member"--but even there it specifies his <u>residence</u> rather than the jurisdictional fact of his state of <u>citizenship</u>.

As to limited partnership TenRock, the allegations flout the principle announced nearly two decades ago in the Supreme Court's definitive decision in <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 195-96 (1990). And as to the limited liability company, the allegations ignore more than 10 years of repeated teaching from our Court of Appeals (see, e.g., <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d 531, 533-34 (7th Cir. 2007)). As to both types of entity, those teachings have of course been echoed many times over by this Court and its colleagues.

Until quite recently this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (<u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for counsel's lack of knowledge of such firmly established principles after so much time and so much repetition. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only the Complaint but this action are dismissed (cf. <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998)),

2

with TenRock and its counsel jointly obligated to pay a fine of $350 to the Clerk of this District Court if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides missing information that leads to the vacatur of this judgment of dismissal.[1] Because this dismissal is attributable to the lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

In that respect, however, it seems quite likely that no Illinois citizen is a member of either the limited liability company or the limited partnership, in which event the jurisdictional flaw spoken of here would in fact prove readily curable. In light of that possibility this Court is contemporaneously issuing its customary initial scheduling order, an order that would of course be vacated if this action remains dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 14, 2009

---

[1] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here turns out to be curable.